Ruffin, C. J.
A constable is directed by the act of 1794 (Rev. Stat. c. 62, s. 7), £< when required by the plaintiff” to take bail, on serving a warrant. The act does not prescribe the mode in which the plaintiff shall require bail as by in-dorsement by himself or his agent on the warrant; and, perhaps, the omission may lead to abuses, if permitted to continue. But, as the act is silent, we should feel obliged to hold that an oral requisition was sufficient, and that of an agent was in law that of the plaintiff. But we think the Court was right in refusing the instructions prayed for, because they assume a position wholly indefensible, that the constable was “ in law the agent of the plaintiff” for this purpose. By virtue of his office, he is not the agent of the party, but of the law ; and, in reference to the power and duty of taking bail, he is to act as he may be required by the plaintiff, and not by his own will or judgment. Whether he can become the agent of the plaintiff, so as thereby to invest himself with the arbitrary authority to summon or to imprison a defendant, is well worthy of consideration. Admit that he may, there was no evidence of such agency pf the defendant for Matthis in this case ; not even any thing from which an agency for this purpose might be remotely inferred, as if the demand were due on a bond and Matthis had placed it in the hands of the defendant to collect, with or without suit. The defendant was clearly guilty ; and the judgment ought to stand.
Per Curiam, Ordered to be certified accordingly,